**Matthew TUCKER, Appellant**

v.

**John DOE; Jane Doe, Clerk of Court, Superior Court of N. Jersey, Morristown, N. Jersey.**

No. 04–2364.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 16, 2005.

Decided April 6, 2006.

Matthew Tucker, Greystone Park, NJ, Pro Se Appellant.

Before ROTH, MCKEE and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM

Appellant Matthew Tucker, proceeding *pro se,* filed a complaint against the Clerk of the New Jersey Superior Court in the United States District Court for the District of New Jersey alleging that the Clerk failed to file four complaints he submitted for filing. He avers that he wrote the Clerk and inquired whether there were any problems with the complaints, but received no response. Tucker, who is involuntarily committed at Greystone Hospital in Greystone, New Jersey, claims that he was denied access to the courts, and seeks ten million dollars in compensatory and punitive damages, and five million dollars for discrimination because his complaints were treated differently than those filed by an attorney.

The District Court granted Tucker permission to proceed *in forma pauperis* pur-

---

suant to 28 U.S.C. § 1915(e), and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) on the ground that the Clerk is absolutely immune from liability because he performs a judicial or quasi-judicial function when he files or fails to file a complaint. The District Court denied Tucker's subsequent motion for relief from the judgment, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999).

Absolute immunity does not apply in every action against a judge or court personnel. Rather, "it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[ ][an] immunity analysis." *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (citations omitted). Court reporters, for example, are not entitled to absolute immunity because they have no discretion in carrying out the duty of recording what transpires in court. *Id. See also Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir.1997) (stating a clerk may not be entitled to absolute immunity in all cases, and holding that the clerk was immune from liability for allegedly failing to properly manage the court calendar).

Under the New Jersey Rules of Court, the Clerk's duty to file papers presented for filing is non-discretionary. *See* N.J. Rule of Court 1:5–6(c) (stating that the "clerk shall file all papers presented for filing" and may notify the person filing if the papers do not conform to the rules, except that in specified situations, the clerk shall return the papers with notice of the deficiency). Applying *Antoine,* the District Court erred in dismissing Tucker's complaint based upon absolute immunity.[1]

Accordingly, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.

---

1. The District Court relied upon *Marcedes v. Barrett,* 453 F.2d 391 (3d Cir.1971), in which a prisoner alleged that the Clerk failed to provide him transcripts of his criminal proceedings. The Court held that the district court did not abuse its discretion in dismissing the complaint because the Clerk and other defendants, acting as judicial and quasi-judicial officials, were immune from suit. *Id.* at 392. *Marcedes,* however, was decided before *Antoine,* and the Court did not consider whether the Clerk employed the kind of judgment protected by judicial immunity.